IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 30, 2021

**LINDA R. KERLEY v. GEORGE OLIN KERLEY**

**Appeal from the Circuit Court for Bledsoe County**
**No. 18-CV-5671    Thomas W. Graham, Judge**

———————————————————

**No. E2020-01137-COA-R3-CV**

———————————————————

As issues regarding contempt and attorney fees remain pending, the order appealed from does not constitute a final appealable judgment. As such, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND THOMAS R. FRIERSON, II, J.

Howard Luxon Upchurch, Pikeville, Tennessee, for the appellant, George Olin Kerley.

Jennifer Austin Mitchell, Dunlap, Tennessee, for the appellee, Linda R Kerley.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant, George Olin Kerley ("Husband"), to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003)

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The appellant failed to respond to our show cause order.

A review of the record on appeal reveals that Husband filed a petition for contempt on May 13, 2019. On June 13, 2019, Linda R. Kerley ("Wife") filed an answer to Husband's petition for contempt and a counter-petition for contempt. Wife filed another motion for contempt on November 13, 2019. In its order entered March 2, 2020, the Circuit Court for Bledsoe County ("the Trial Court") reserved the issues of contempt for the final hearing.

The notice of appeal filed by Husband states that he is appealing the Trial Court's August 18, 2020 order, which, *inter alia*, granted Wife a divorce. The August 18, 2020 order also awarded to Wife "her reasonable attorney's fees which will be determined upon submission of an affidavit of counsel as to the fees required." The August 18, 2020 order did not address the issues of contempt that had been reserved. Furthermore, the record lacks any order awarding an amount certain of attorney fees.

Because the petitions and motion for contempt and the amount of the attorney fee award remain pending, the order from which Husband seeks review is not "a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a); *see, e.g.*, *E. Solutions for Buildings, LLC v. Knestrick Contractor, Inc.*, No. M2017-00732-COA-R3-CV, 2018 WL 1831116 at *4 (Tenn. Ct. App. April 17, 2018), *perm. app. denied Aug. 9, 2018* (finding that order directing parties to re-submit requests for attorney fees after appeal was "improvidently certified as final," and holding that because trial court did not dispose fully and finally of claim for attorney fees, this Court lacked jurisdiction); *City of Jackson v. Hersh*, No. W2008-02360-COA-R3-CV, 2009 WL 2601380 at *4 (Tenn. Ct. App. Aug. 25, 2009), *no appl. perm. appeal filed* ("This Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final."); *Scott v. Noland Co.*, No. 03A01-9407-CV-00248, 1995 WL 11177 at *1 (Tenn. Ct. App. Jan. 12, 1995), *no appl. perm. appeal filed* ("Since there is no order in the record before us finally disposing of the Plaintiffs' claim for attorney fees at the trial level, the 'Final Judgment' from which this appeal is being pursued is not a final order and hence not appealable as of right under Tenn. R. App. P. 3(a)." (footnote omitted)).

This appeal is hereby dismissed. Costs on appeal are taxed to the appellant, George Olin Kerley, for which execution may issue.

**PER CURIAM**